# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

Lyle W. Cayce
Clerk

No. 08-30999
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANNY RAY LYNCH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50075-2

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Danny Ray Lynch, federal prisoner # 13758-035, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline.[1]  Lynch argues that the district court failed to state that it had considered the 18 U.S.C. § 3553(a) factors and to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Lynch received a substantial assistance reduction upon motion of the Government. Therefore, Lynch was ineligible for Section 3582 relief under the law of this Circuit. *See United States v. Carter*, 595 F.3d 575 (5th Cir. 2010) (per curiam).  The Government does not appeal the grant of the Section 3582 motion, however, so we address only Lynch's appeal.

state the reasons for the sentence. He further contends that he was entitled to a greater reduction in his sentence of imprisonment.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion, and its interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). "[T]here are clear and significant differences between original sentencing proceedings and sentence modification proceedings." *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (quoting *Doublin*, 572 F.3d at 238), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). Whereas original sentencing proceedings are governed by 18 U.S.C. § 3553, sentencing modification proceedings are governed by § 3582(c)(2), which requires only that the district court consider the § 3553(a) factors. *Id.* at 673. Lynch submitted a sentencing brief in which he "described in detail why the § 3553(a) factors weighed in favor of a sentence at the bottom of, or below, the sentencing range." *See id.* at 673. This court "can assume that [the district court] considered" Lynch's arguments regarding the § 3553(a) factors and "that it concluded that the § 3553(a) factors weigh in [the defendant's] favor." *Evans*, 587 F.3d at 673 (internal quotations and citations omitted). The district court is "not required to state findings of facts and conclusions of law" when granting or denying a motion under § 3582(c)(2). *Id.* at 674 (internal quotations and citation omitted). Moreover, a defendant cannot successfully challenge a district court's failure to provide reasons "for *granting* his [§ 3582(c)(2)] motion but not providing a satisfactorily low enough sentence within the recalculated range." *Id.*

AFFIRMED.

2