# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No.09-30037
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNELL VALLERY, Also Known as Poppa,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CR-269-3

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ronnell Vallery, federal prisoner # 29981-034, moves for leave to proceed *in forma pauperis* ("IFP") on appeal from the denial of his 18 U.S.C. § 3582(c)(2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for reduction of sentence based on the retroactive amendment to the sentencing guidelines for crack cocaine. Vallery was convicted of, *inter alia*, conspiracy to possess with intent to distribute cocaine base (crack) and was sentenced to 240 months of imprisonment. The district court denied the motion, determining that Vallery was ineligible for a reduction because he had received the statutory mandatory minimum sentence. The court also denied Vallery's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

The court correctly determined that Vallery is ineligible for a sentence reduction based on the amendment to the crack cocaine guidelines because he is subject to the mandatory minimum penalty in 21 U.S.C. § 841(b)(1)(A). *See United States v. Carter*, 595 F.3d 575, 579-81 (5th Cir. 2010). We will not review Vallery's argument that he could have received a reduction under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, because that argument is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Further, the argument is not cognizable in the context of a § 3582-(c)(2) motion, because it is not based on a retroactive amendment to the guidelines. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

Given the forgoing, Vallery has failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.