# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 1, 2010

Lyle W. Cayce
Clerk

No. 08-11203
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN ANTHONY DAVIS, also known as Stamma,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-365-29

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Brian Anthony Davis, federal prisoner # 40427-053, appeals pro se from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the crack cocaine amendments to the Sentencing Guidelines. Davis moves for permission to appeal in forma pauperis (IFP). The district court has certified that the appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-11203

The district court had previously reduced Davis's sentence from life to 360 months in prison based on Amendment 505. However, the district court concluded that Amendment 706 was not applicable to Davis's case. Davis argues that Amendment 706 served to reduce his base offense level by two levels and asserts that the district court erred in concluding that he was not eligible for a sentence reduction and in not providing an explanation for its decision.

A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). A district court may reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A reduction is not authorized if the amendment does not have the effect of lowering the defendant's guidelines range. U.S.S.G. § 1B1.10(a)(2)(B), p.s.; *United States v. Carter*, 595 F.3d 575, 578-80 (5th Cir. 2010).

The denial of Davis's § 3582 motion was not an abuse of discretion because the sentencing court is not required to provide its reasons for the denial. *See Evans*, 587 F.3d at 673-74. Furthermore, the sentencing court is under no obligation to reduce the sentence at all. *Id.* at 673. Additionally, because Davis was held accountable for sentencing purposes for more than 4.5 kilograms of crack cocaine, a sentence reduction was not permitted. *See* § 2D1.1, Drug Quantity Table. Davis has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion to proceed IFP is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5th Cir. R. 42.2.