United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-30635c/w 04-31118
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

PEDRO PABLO MORALES,

                                        Defendant- Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(USDC No. 2:03-CR-364-4-N)
_____

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

    Morales appeals his conviction on a multi-count indictment for drug offenses and

the 192-month sentence imposed by the district court on the grounds that the court

unconstitutionally enhanced his sentence on the basis of facts neither pleaded to nor

proved in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  For

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

the following reasons, we affirm the conviction but remand for the limited purpose of consideration by the district court of whether it will impose a different sentence under the now-advisory sentencing guidelines:

1.  Because the district court applied a sentence enhancement for a judge-determined leadership role under a mandatory guidelines regime, <u>Booker</u> error occurred. <u>United States v. Akpan</u>, 407 F.3d 360, 377 (5th Cir. 2005).

2.  Because Morales preserved the <u>Booker</u> error, we review the sentence imposed by the district court for harmless error. <u>Id.</u> at 376. Under harmless error <u>Booker</u> review, the Government bears the burden of demonstrating that the error was harmless by demonstrating beyond a reasonable doubt that the district court would not have sentenced Morales differently had it acted under an advisory Guidelines regime. <u>Id.</u> at 377.

3.  While the 240-month statutory minimum for Morales's crime exceeds the upper limits of both the enhanced guideline range (168-210 months) and the unenhanced guideline range (135-168 months), we cannot conclude that the district court's failure to apply the correct range was harmless. Under 18 U.S.C. § 3553(e), the district court was authorized to depart downwardly from the statutory minimum and was moved to do so by the Government, pursuant to U.S. SENTENCING GUIDELINES MANUAL § 5K1.1 The court selected a sentence from the middle of the 168 to 210 month range (48 months below the statutory minimum), rather than the 168-month sentence

2

at the low end of that range that was recommended by the Government (72 months below the statutory minimum). Had the unenhanced range of 135 to 168 months been the benchmark, it is possible both that the Government would have recommended the low end of that range and that the district court, in compromise, might have selected a mid-range number between 135 and 168 months.

4. We leave to the discretion of the district court whether to resentence on remand. See Akpan, 407 F.3d at 377 n.62. We clarify that, post-Booker, a sentencing judge remains entitled to find by a preponderance of the evidence all facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). The Booker error here lay in such judicial fact finding under a mandatory guidelines scheme. Id.

5. The Booker error in this case pertains only to the sentence imposed. Morales has raised no grounds on which his conviction may be overturned.

AFFIRMED AND REMANDED.