# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

Charles R. Fulbruge III
Clerk

No. 08-20235

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN LEWIS CARTER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and SMITH and ELROD, Circuit Judges.

PER CURIAM:

Adrian Lewis Carter appeals the denial of his motion to reduce his sentence in response to a recent change to the federal sentencing guidelines for crimes involving crack cocaine. Because Carter's sentence was based on a minimum prescribed by statute, we AFFIRM.

## I.    Background and Proceedings

In June 2005, Carter pleaded guilty to (1) possession, with intent to distribute, of 50 grams or more of a mixture containing cocaine base (i.e. crack cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and (2) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Carter to 96 months of imprisonment

No. 08-20235

for these offenses, including 36 months for the possession with intent to distribute count, and 60 months for the firearms count.

Only the calculation of the possession count is presently at issue. The district court admonished Carter at the time of his plea that he faced a statutory minimum penalty of 120 months' imprisonment for this count. *See* 21 U.S.C. § 841(b)(1)(A). This statutory minimum was greater than the high end of the sentencing guideline range of 87 to 108 months calculated in the Presentence Report.[1] Accordingly, the 120-month statutory minimum became the applicable "guideline sentence." *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Prior to sentencing, the government filed a motion for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on Carter's substantial assistance. As it was permitted to do, the district court granted the motion, sentencing Carter to 36 months rather than the longer terms called for by the guideline range and statutory minimum.

Effective November 1, 2007, the United States Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenses, including the offense now at issue. *See* U.S.S.G. app. C, amend. 706, at 226–31 (Supp. 2008) (amending U.S.S.G. § 2D1.1(c)); U.S.S.G. app. C, amend. 713, at 253 (Supp. 2008) (making Amendment 706 retroactively applicable). It is undisputed that if the terms of this amendment had applied, Carter's base offense level would have been lower, and accordingly, the 87 to 108 month guideline range would have been lower as well.

In April 2008, Carter filed a motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence based on Amendments 706 and 713. He argued that his

---

[1] Carter does not dispute this calculation or the district court's determination that his crime made the statutory minimum sentence applicable.

2

No. 08-20235

36-month sentence represented a 59 percent reduction from the 87-month low end of the Presentence Report's guideline calculation, that a correct guideline range in light of the crack cocaine amendments would be 70 to 87 months, and therefore that the district court should reduce this portion of his sentence to 59 percent below 70 months. This would result in a sentence of 29 months, rather than 36, on the possession count.

The district court denied the motion on the ground that "the defendant is ineligible as he must serve the mandatory minimum," and denied a motion for reconsideration. This appeal followed.

## II.   Analysis

As a general matter, we review a decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Cooley*, — F.3d —, 2009 WL 4642610, at *1 (5th Cir. Dec. 9, 2009). However, we review the district court's interpretation of the guidelines and sentencing statutes *de novo*. *Id.*; *United States v. Salazar*, 542 F.3d 139, 144 (5th Cir. 2008). Here the question is whether the district court correctly concluded that Carter is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of the statutory minimum sentence imposed by 21 U.S.C. § 841(b)(1)(A).[2] We conclude that under these provisions, Carter is not eligible for the reduction.

Title 18 U.S.C. § 3582(c) prohibits district courts from "modify[ing] a term of imprisonment once it has been imposed," but § 3582(c)(2) provides an exception for a sentence based on a sentencing range that the Sentencing Commission subsequently lowers:

---

[2] Carter notes that the district court stated that "the defendant is ineligible as he must serve the mandatory minimum," when in fact Carter's original sentence was well below the statutory minimum. He therefore asks for remand to provide the district court with an opportunity to clarify its ruling. It seems clear enough to us that the district court ruled that Carter is not entitled to a reduction because his sentence was based on a statutory minimum rather than the guideline range that was subsequently amended.

No. 08-20235

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement is U.S.S.G. § 1B1.10. In Carter's case there is no dispute that the applicable guideline range was 87 to 108 months, and that the crack cocaine amendments lowered that range. The question is whether Carter's sentence was "based on" that range for purposes of the statute.

The Fourth Circuit has considered this question in comparable circumstances and concluded that, when a defendant's crime triggers a statutory minimum sentence exceeding his guideline range, the resulting sentence is "based on" the statutory minimum, not the guideline range. *See United States v. Hood*, 556 F.3d 226, 233 (4th Cir.), *cert. denied*, 130 S. Ct. 321 (2009). *Hood* considered the sentences of two defendants in remarkably similar circumstances to Carter. Both were sentenced for crack cocaine trafficking based on mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A), but received downward departures for substantial assistance to the government under 18 U.S.C. § 3553(e). *Id.* at 228. They later requested proportionate reductions in their sentences to reflect the impact the crack cocaine amendments would have had on their guideline range calculations. *Id.* The court concluded that

> [T]he defendants' sentences in these appeals were "based on" the statutorily mandated minimum sentence, not "based on a sentencing range" lowered by Amendment 706, and were reduced by the district court under 18 U.S.C. § 3553(e) only for each defendant's substantial assistance to the government, not because of the application of any "guideline range" lowered by Amendment 706.

*Id.* The court accordingly concluded the defendants were not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2), and affirmed the denial of the defendants' motions for sentence reduction. *Id.* at 237–38. Two other circuits have reached essentially the same conclusion under similar circumstances. *See United States v. Byers*, 561 F.3d 825, 832 (8th Cir. 2009); *United States v. Williams,* 549 F.3d 1337, 1341–42 (11th Cir. 2008).

We find the Fourth Circuit's analysis persuasive as applied to Carter. The phrase "based on a sentencing range" straightforwardly aligns with the familiar sentencing practice of initially calculating a base range and then considering grounds for departing from it. In contrast to that typical situation, when an applicable statutory minimum sentence is greater than the high end of the guideline range, that minimum—not the otherwise applicable guideline range— is the starting point for sentencing. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Indeed, the district court lacks authority to impose a sentence below the statutory minimum absent a *statutory* exception.[3] *See United States v. Phillips*, 382 F.3d 489, 499 (5th Cir. 2004) ("[A] district court may impose a sentence of imprisonment below a statutory minimum for a drug crime only if: (1) the Government makes a motion pursuant to 18 U.S.C. § 3553(e) asserting the defendant's substantial assistance to the Government; or (2) the defendant meets the 'safety valve' criteria set forth in 18 U.S.C. § 3553(f)."). There is no dispute that Carter was subject to a statutory minimum sentence greater than the high end of his guideline calculation, whether calculated with

---

[3] The rigidity of statutory sentencing rules stands in contrast to the advisory nature of guideline sentencing ranges under *United States v. Booker*, 543 U.S. 220 (2005).

or without the crack cocaine amendments.  In this circumstance, the sentence was "based on" the statutory minimum, not the guideline range.[4]

The application of a downward departure under 18 U.S.C. § 3553(e) does not alter this analysis.  Section 3553(e) provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Carter proposes that when the district court granted the government's motion for a reduced sentence under § 3553(e), the statutory minimum sentence no longer applied.  Thus, he argues that the district court should have applied "the guidelines and policy statements issued by the Sentencing Commission," which Carter interprets to refer to the otherwise applicable guideline range.  We do not agree with this interpretation of § 3553(e).

---

[4] In this situation where a statutory minimum applies and can only be modified based on statutory exceptions, it does not matter to the sentence-reduction analysis that a district court may have considered or purported to rely on general guideline provisions when calculating the extent of a downward departure.  The applicable statutes and Sentencing Commission policy statements do not authorize this approach, *see Hood*, 556 F.3d at 234–35, and we will not consider a sentence to be "based on" informal or erroneous considerations.  For this reason among others, we are unpersuaded by Carter's citation to the Sixth Circuit's unpublished opinion in *United States v. Rickett*, 52 F.3d 327, 1995 WL 234665 (6th Cir. 1995).  *See id.* at *3, *2 (concluding that sentence was "based on an application of the sentencing guidelines," because the district court had considered the guidelines in the course of calculating a sentence based on a downward departure from a statutory minimum).  Furthermore, to the extent that our very brief unpublished opinion in *United States v. Morales*, 160 F. App'x 340 (5th Cir. 2005) (per curiam), contradicts our analysis on this point, we disapprove of its reasoning.  *See id.* at *340–41 (finding *Booker* error not harmless in sentence based on a downward departure from a statutory minimum, because the district court appeared to have relied on the otherwise applicable guideline range, and it "might have selected" a lower sentence if enhancements based on judicial fact-finding had not been included in that range).

No. 08-20235

Nothing in § 3553(e) indicates that a statutory minimum sentence gives way to an otherwise applicable guideline range when a district court reduces the sentence based on the defendant's substantial assistance to the government. Rather, § 3553(e) describes the familiar procedure of a downward departure from a baseline sentence. The Sentencing Commission has indicated that the applicable policy statement for § 3553(e) is U.S.S.G. § 5K1.1, which is the general provision governing downward departures from the guidelines. *See* § 5K1.1, Commentary 1. Section 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance . . . the court may *depart from the guidelines*" (emphasis added). Accordingly, the Commission implicitly considers a statutory minimum sentence to be analogous to a low-end guideline from which the court may depart. That is the interpretation we give to § 3553(e) as well. *Accord Hood*, 556 F.3d at 235 ("§ 3553 allows for a departure *from, not the removal of*, a statutorily required minimum sentence." (citing *United States v. Pillow*, 191 F.3d 403, 407 (4th Cir. 1999)); *Williams*, 549 F.3d at 1341. Furthermore, inasmuch as the statutory minimum remains the baseline sentence from which the court may downwardly depart, we do not agree with Carter that the phrase "in accordance with the guidelines and policy statements issued by the Sentencing Commission" refers to ordinary guideline ranges. Instead, we interpret it to refer to such guidelines and policy statements as the Commission may create specifically to implement § 3553(e). As noted in *Hood,* 556 F.3d at 235, the applicable policy statement is the downward departure provision of U.S.S.G. § 5K1.1, which states principles for determining whether and how far to downwardly depart; the sentencing commission has not created any further "sentencing ranges" for such downward departures.

Nor are we persuaded that U.S.S.G. § 1B1.10—the policy statement providing guidance for reduction of sentences under § 3582(c)(2)—supports a

7

reduction of sentence. Whereas § 3582(c)(2) allows modification only of sentences "based on" amended sentencing ranges, Carter notes that under § 1B1.10(a)(1), a reduction may be appropriate if "*the guideline range applicable* to [the] defendant has subsequently been lowered as a result of [certain amendments]." (emphasis added); *see also* § 1B1.10(a)(2) ("A reduction . . . is not authorized [if the amendment] does not have the effect of lowering the defendant's *applicable guideline range*.") (emphasis added). Carter argues that the 87 to 108 month range is "the guideline range applicable" in his case, even though a statutory minimum guideline sentence superseded that range. *Cf.* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the *applicable* guideline range, the statutorily required minimum sentence shall be the guideline sentence." (emphasis added)).

We reject this argument because we conclude that the term "guideline range applicable" in § 1B1.10 includes a statutory minimum sentence when such a minimum applies. We have noted above that U.S.S.G. § 5K1.1 uses the phrase "depart from the guidelines" to describe downward departures from both ordinary guideline ranges and statutory minimum sentences. Similarly, we agree with the Eleventh Circuit that for purposes of determining eligibility for a sentence reduction, the statutory-minimum "guideline sentence" becomes the applicable "guideline range":

> The term "guideline range" reflects the scope of sentences available to the district court, which could be limited by a statutorily imposed mandatory minimum "guideline sentence." Accordingly, when a mandatory minimum exceeds some portion of the range for the base offense level, the applicable "guideline range" would be from that minimum to the upper end of the original guideline range. *See* [*United States v. Pope*, 58 F.3d 1567, 1568 n.1 (11th Cir. 1995)] (noting that "because of the statutorily mandated minimum of ten years, Pope's guidelines range became 120 to 121 months"). For those situations in which the mandatory minimum exceeds the range for the entire offense level, the "guideline sentence" would

8

thus be the same as the "guideline range," even if it involves a "range" of only one number.

*Williams*, 549 F.3d at 1340–41; *accord Byers*, 561 F.3d at 831. Accordingly, the "guideline range applicable" refers to the statutory minimum sentence, and a subsequent amendment to a different provision (the unutilized guideline range calculation) does not provide grounds for a sentence reduction.

This interpretation finds further support in the Application Note to § 1B1.10(a)(1), which makes clear beyond peradventure that in the view of the Commission, a party in Carter's position is not entitled to a sentence reduction under § 3582(c)(2):

> Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

We are bound to treat this commentary as "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, [the] guideline." *United States v. Johnston*, 559 F.3d 292, 295 n.4 (5th Cir. 2009) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). Under that standard, the Application Note controls. Carter has, at most, identified an ambiguity or inconsistency in the Sentencing Commission's use of the adjective "applicable." That is not enough to overcome the Sentencing Commission's clearly expressed interpretation of § 1B1.10(a)(1), which is consistent with our interpretation of 18 U.S.C. § 3582(c)(2).

No. 08-20235

## III.    Conclusion

In light of the analysis above, we join the Fourth, Eighth, and Eleventh Circuits and hold that when a defendant is subject to a statutory minimum sentence above the upper end of his guideline range, even if the district court departs downwardly from that minimum under a statutory exception, 18 U.S.C. § 3582(c)(2) provides no authority to the district court to later modify the sentence based on amendments to the guideline range.  The ruling of the district court denying Carter's motion for reduction of sentence is accordingly AFFIRMED.