# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2010

No. 08-31081
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL K WILLIAMS, also known as Spider Mike,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50127-2

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael K. Williams pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Williams had an initial guideline range of 121 to 151 months of imprisonment based on his offense level and criminal history, but he was subject to a statutory minimum term of 240 months in prison under § 841(b)(1)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prior to sentencing, the Government filed a motion pursuant to 18 U.S.C. § 3553(e) for a departure below the statutory minimum based on Williams' substantial assistance. The district court granted the motion and sentenced Williams to 132 months of imprisonment.

Williams appeals the district court's ruling denying him a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). He asserts that he was eligible for a reduction under § 3582(c)(2) notwithstanding that his original sentence was a departure below the mandatory minimum pursuant to § 3553(e). He also asserts that it is unclear from the record whether the district court knew that it had authority to reduce his sentence under § 3582(c)(2) in light of the Government's arguments to the contrary. Williams also contends that the district court could have reduced his sentence below the amended guideline range pursuant to *United States v. Booker*, 543 U.S. 220 (2005), but he correctly recognizes that his *Booker* argument is foreclosed. *See United States v. Doublin*, 572 F.3d 235, 238-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Although Williams argues that he was eligible for such a § 3582(c)(2) reduction, this court recently held that, when a defendant is "subject to a statutory minimum sentence above the upper end of his guideline range, even if the district court departs downwardly from that minimum under a statutory exception, 18 U.S.C. § 3582(c)(2) provides no authority to the district court to later modify the sentence based on amendments to the guideline range." *United States v. Carter,* ___ F.3d ___, No. 08-20235, 2010 WL 322609, at *6 (5th Cir. Jan. 28, 2010). Consequently, the district court committed no error in denying Williams relief under § 3582(c)(2).

AFFIRMED.