# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2010

Lyle W. Cayce
Clerk

No.08-51241
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY MCVALE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:03-CR-21-1

Before WIENER, PRADO, and OWEN, Circuit judges.

PER CURIAM:[*]

Terry McVale Williams, federal prisoner # 58056-080, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on the retroactive amendment to the crack cocaine Sentencing Guideline. Williams was convicted of two counts of aiding and abetting the distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentenced to concurrent terms of 120 months of imprisonment and eight years of supervised release.

The district court determined that Williams was ineligible for a sentence reduction because he had received a statutory mandatory minimum sentence and denied the § 3582(c)(2) motion. The district court also denied the request to proceed IFP on appeal, stating that the appeal was not taken in good faith because Williams failed to present a nonfrivolous, arguable appellate issue.

The district court correctly determined that Williams was ineligible for a sentence reduction based on the amendment to the crack cocaine Guideline because he was subject to the mandatory minimum statutory penalty in § 841(b)(1)(B). *See United States v. Carter*, 595 F.3d 575, 577, 579-81 (5th Cir. 2010). Williams's efforts on appeal to relitigate whether the penalty was properly applied are not cognizable under § 3582(c)(2). *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

Given the foregoing, Williams has failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.