# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

Lyle W. Cayce
Clerk

No. 08-31055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER MICHAEL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:01-CR-10012-2

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Michael Brown, federal prisoner # 10980-035, was convicted
by a jury of one count of conspiracy to distribute cocaine and cocaine base (crack)
and four distribution counts.  Brown was sentenced to life in prison on the
conspiracy count and concurrent terms of 40 year on the distribution counts.
Brown now appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion
to reduce his sentence based on amendments to the Sentencing Guidelines
reducing base offense levels for some crack cocaine offenses.  Brown argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court erred by concluding that the amendments did not reduce his sentencing range, asserting that the amendments generally had the effect of reducing base offense levels by two levels; that the application of the 4.5 kilogram threshold for a base offense level of 38 was improperly applied to him retroactively in violation of the Ex Post Facto Clause; that the district court had authority to revisit his sentence and should have treated the Guidelines as advisory rather than mandatory pursuant to *United States v. Booker*, 543 U.S. 220 (2005); and that the district court should have held an evidentiary hearing. Brown's arguments are without merit.

Amendment 706 altered the thresholds for crack cocaine offense levels. Previously, more than 1.5 kilograms of crack cocaine resulted in a base offense level of 38; under the amendments, it takes 4.5 kilograms of crack to achieve that offense level. However, Brown was held accountable for 106.667 kilograms of crack cocaine, which is well above the amended amount need for level 38. Thus, the amendments did not affect Brown's guidelines range, and the district court had no authority to reduce his sentence. *See* U.S.S.G.§ 1B1.10(a)(2)(B), p.s.; *United States v. Carter*, 595 F.3d 575, 580 (5th Cir. 2010).

Brown's arguments regarding *Booker* are foreclosed by *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010), and *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). In addition, there was no ex post facto violation because Brown was not subjected to greater punishment by the retroactive application of the amendments. *See United States v. Kimler,* 167 F.3d 889, 893 (5th. Cir. 1999). Finally, Brown has identified no factual disputes that required an evidentiary hearing.

The judgment of the district court is AFFIRMED.