# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

Lyle W. Cayce
Clerk

No. 08-31147
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES SIDNEY MACK, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CR-30040-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Sidney Mack, Jr., federal prisoner # 12930-035, was convicted in 2006 of conspiracy to distribute 50 grams or more of cocaine base and sentenced to 240 months of imprisonment, the statutory minimum applicable to his conviction. He now appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines governing crack cocaine. He contends that the district court erred in determining that he was ineligible for relief under

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-31147

§ 3582(c)(2). He also contends that the applicability of § 3582(c)(2) entitled him to a reconsideration of the factors under 18 U.S.C. § 3553(a) and the application of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

Because Mack was subject to a mandatory statutory minimum, the district court lacked authority to grant a reduction under § 3582(c)(2). *See United States v. Carter*, 595 F.3d 575, 579-81 (5th Cir. 2010). Additionally, § 3582(c)(2) proceedings are not full resentencings, and the principles of *Booker* and its progeny do not apply to § 3582(c)(2) proceedings. *Dillon v. United States*, 130 S. Ct. 2683, 2690-94 (2010). Thus, Mack's arguments are unavailing. Furthermore, to the extent Mack seeks to rely on Amendment 709 to the Sentencing Guidelines as a basis for relief under § 3582(c)(2), Amendment 709 does not provide a basis for such relief because it is not one of the eligible amendments covered under U.S.S.G. §1B1.10(c). *See* § 1B1.10(a), p.s.; *see also* § 1B1.10, comment. (n.1(A)).

The judgment of the district court is AFFIRMED.