**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2011

Lyle W. Cayce
Clerk

No. 09-50213
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLARENCE CALLIES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-4-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clarence Callies, federal prisoner # 13001-180, is serving a total term of 240 months of imprisonment for conspiracy to distribute more than 50 grams of crack cocaine and possession with intent to distribute more than 50 grams of crack cocaine. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion, wherein he sought a reduction of sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline for crack cocaine offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50213

The government has moved for summary affirmance, arguing that Callies was not eligible for a sentencing reduction because he was sentenced to the statutory mandatory minimum.  Callies argues this case should be remanded to the district court so it may resentence him under the provisions of the Fair Sentencing Act (FSA), which became effective during the pendency of the instant appeal.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).  We review a district court's denial of a reduction of sentence under Section 3582(c)(2) for an abuse of discretion, its interpretation of the Sentencing Guidelines *de novo*, and its findings of fact for clear error.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Callies has not shown that the district court erred in determining that he was ineligible for a reduction of sentence because he was sentenced to the statutory mandatory minimum.  *See United States v. Carter*, 595 F.3d 575, 578-79 (5th Cir. 2010).  Callies' argument that the FSA should be retroactively applied to his case is without merit.  The Federal Savings Clause precludes retroactive application of the FSA.  *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

The government's motion for summary affirmance is GRANTED.  The government's motion for an extension of time to file a brief is DENIED.