# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2012

Lyle W. Cayce
Clerk

No. 12-50162
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMONT E. KEITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:98-CR-81-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lamont E. Keith, federal prisoner # 86855-080, was convicted by a jury in 1999 of possession of cocaine base (crack) with intent to distribute and was sentenced to the statutory minimum of 20 years in prison. Keith now seeks leave to proceed in forma pauperis (IFP) on appeal to challenge the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c). By so moving, Keith challenges the district court's certification that his appeal was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50162

taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

Keith contends that the provisions of the Fair Sentencing Act (FSA), which amended the amounts of crack needed to trigger statutory minimum sentences, should apply to him, and that the limitations set forth in U.S.S.G. § 1B1.10 on a district court's ability to grant a reduction effectively render the Sentencing Guidelines mandatory. Keith's arguments fail. The district court lacked authority to reduce his sentence below the statutory minimum sentence of 20 years. *See United States v. Carter*, 595 F.3d 575, 578-81 (5th Cir. 2010). His argument that he is entitled to a reduction in light of the FSA is without merit. *Cf. Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012) ("[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced."). Keith's challenge to the limitations set forth in U.S.S.G. § 1B1.10 in light of *United States v. Booker*, 543 U.S. 220 (2005), is also meritless. *See Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010).

Keith has failed to demonstrate a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.