# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

Lyle W. Cayce
Clerk

No. 12-30058
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAJ J. PRATT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20059-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raj J. Pratt, federal prisoner # 12255-035, appeals from the denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Pratt was sentenced to a statutory mandatory minimum term of life imprisonment for an offense involving crack cocaine, then later had his sentence reduced to 132 months of imprisonment because of his substantial cooperation with the Government. He argues that he was eligible for a reduction in sentence because the 2011 clarification to U.S.S.G. § 1B1.10 in Amendment 759 to the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines of what constitutes an "applicable guidelines range" means that a statutory minimum sentence above the range otherwise calculated under the Guidelines constitutes an upward departure to the extent that it is deemed the guideline sentence pursuant to § 5G1.1.  According to Pratt, this effectively renders the statutory minimum sentence irrelevant to the calculation of sentencing ranges in § 3582(c)(2) motions.

Section 1B1.10 provides that "[i]n a case in which the defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of amendment to the Guidelines Manual listed [in 1B1.10(c)], the court may reduce the defendant's term of imprisonment." § 1B1.10(a)(1).  Before November 1, 2011, the commentary to § 1B1.10 stated that eligibility "is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range." § 1B1.10, comment. (n.(1)(A)) (Nov. 1, 2010).  On November 1, 2011, the commentary was amended to explain that the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10, comment. (n.(1)(A)); U.S.S.G. App. C, Amendment 759 (Nov. 1, 2011).

Before the amendment, we held that a statutory minimum sentence above a guideline sentencing range displaced the guideline range for purposes of § 1B1.10, meaning that the defendant's sentence was based on the statutory minimum and not on the otherwise applicable guideline sentencing range. *United States v. Carter*, 595 F.3d 575, 580 (5th Cir. 2010).  Thus, no reduction was available for a defendant whose sentence was the result of a statutory minimum sentence, even if that defendant received a downward departure from the statutory minimum. *Id.* at 580-81.

Amendment 759 does not supersede *Carter*.  First, a reduction is not authorized if an amendment applies to the defendant "but the amendment does

2

not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." § 1B1.10, comment (n.(1)(A)).  Second, § 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  In the application instructions for the Guidelines, district courts are directed "[f]or the particular guideline range, [to] determine from parts B through G of Chapter Five the sentencing requirements and options related to . . . imprisonment." § 1B1.1(a)(8).  Section 5G1.1 thus is incorporated into the establishment of a defendant's guideline sentencing range through § 1B1.1(a), and Amendment 759 directs district courts to establish the applicable guideline range by following § 1B1.1(a).

Under *Carter*, Pratt's applicable guideline range remains life imprisonment, the minimum statutory sentence for his offense. *See Carter*, 595 F.3d at 580-81.  Amendment 759 did not change this, nor did the crack cocaine amendments.  Pratt was ineligible for relief under § 3582(c)(2), and the district court's denial of his § 3582(c)(2) motion was not an abuse of discretion. *See id.* at 577.

AFFIRMED.