# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2012

Lyle W. Cayce
Clerk

No. 12-30356
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REGINALD D. ALLEN, also known as Mack,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-108-7

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Reginald D. Allen appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence imposed in November 2009. For that sentence, the calculated advisory Guidelines sentencing range was 120 to 150 months, with an applicable 120-month statutory minimum pursuant to 21 U.S.C. § 841(b)(1)(A) (distribution or possession, with intent to distribute, at least one kilogram of cocaine, or at least 50 grams of cocaine base). Allen received a 105-month sentence, however, after the district court granted the Government's motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30356

a departure under 18 U.S.C. § 3553(e) and Guideline § 5K1.1 (substantial assistance).

Allen's § 3582(c)(2) motion asserted his eligibility for an additional sentence reduction based on Guidelines Amendment 750, which in 2011 modified the advisory Guidelines sentencing ranges for crack-cocaine offenses to conform with the Fair Sentencing Act enacted in 2010.

Denial of a § 3582(c)(2) motion for a sentence reduction is reviewed for abuse of discretion. *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011). A district court abuses its discretion when its decision is based on an error of law. *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005).

Although Allen's advisory Guidelines sentencing range would have been 84 to 105 months if sentenced after Amendment 750, he remains subject to 21 U.S.C. § 841(b)(1)(A)'s statutory ten-year minimum for conspiring to distribute or possess, with intent to distribute, more than one kilogram of cocaine.

Because Allen remains subject to a valid statutory minimum sentence, he is ineligible for a sentence reduction under § 3582(c)(2) and Guideline § 1B1.10 (imprisonment term reduction after Guideline amended). *E.g., United States v. Carter*, 595 F.3d 575 (5th Cir. 2010) (§ 3553 provides sole statutory bases for reduction of statutory minimum sentence). His ineligibility for relief is unaffected by the above-described downward departure. *Id.*; *cf. United States v. Scott*, 379 F. App'x 410, 411 (5th Cir. 2010) (unpublished) (defendant ineligible for post-amendment sentence reduction despite downward departure from statutory-minimum sentence unaffected by that amendment).

AFFIRMED.