# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-30623
Summary Calendar

December 27, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DWAYNE T. WICKER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-108-8

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dwayne T. Wicker appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of the sentence that he received in 2010 after a conviction for drug conspiracy involving crack and powder cocaine and for unlawfully using communication facilities. Wicker's conviction subjected him to a 120-month mandatory minimum prison sentence, *see* 21 U.S.C. § 841(b)(1)(A), and his original advisory guidelines sentencing range was 120 to 150 months of imprisonment. He received a 97-month prison term after the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted the Government's motion under U.S.S.G. § 5K1.1 based on Wicker's substantial assistance. After Wicker was sentenced, the Sentencing Commission amended the guideline used to calculate sentences for crack cocaine offenses and made the amendment retroactive to defendants sentenced under earlier versions of the guideline.

A defendant is ineligible for a sentence reduction if the relevant amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, p.s., comment. (n.1(A)). Wicker's original sentencing range encompassed the 120-month statutory minimum prison sentence. Because his sentence was based on the statutory minimum, he is ineligible for a sentence reduction, notwithstanding any departure below the statutory minimum sentence he received during his original sentencing proceeding. *See United States v. Carter*, 595 F.3d 575, 577-81 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.