## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2013

Lyle W. Cayce
Clerk

No. 12-30341
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY JERMAINE COLLINS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-153-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In 2008, Gregory Jermaine Collins pled guilty pursuant to a written plea agreement to one count of distribution of cocaine base. This offense carried a mandatory minimum sentence of 60 months. The Government moved to reduce Collins's sentence below the statutory minimum sentence due to his substantial assistance. The district court, stating it was granting the motion, gave Collins a sentence of 71 months. In 2011, the district court granted its *sua sponte* motion under 18 U.S.C. § 3582(c)(2) and reduced his sentence to 57 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In January 2012, the district court filed another Section 3582(c)(2) motion on behalf of Collins and other offenders who were potentially eligible for a sentence reduction under Amendment 750 to the Sentencing Guidelines. The Federal Public Defender was appointed to represent them.  Section 3582(c)(2) allows for modification when a defendant's sentence was "based on a sentencing range that has subsequently been lowered" in the Guidelines.  The Government argued that Collins's sentence was not based on the Guidelines but that he had been subject to a statutory minimum sentence.  Further, no statutory authority – only an amendment to the Guidelines – supported a further reduction.  As we have held, a district court "lacks authority to impose a sentence below the statutory minimum absent a *statutory* exception." *United States v. Carter*, 595 F.3d 575, 578-79 (5th Cir. 2010).  In March 2012, the district court refused to reduce Collins's sentence again.

Collins distinguishes *Carter* by arguing that because his original sentence was above the statutory minimum sentence, his sentence was not *based* on the statutory minimum.  Under *Carter*, though, there must be statutory authority for reducing a sentence below a statutory minimum.  Such authority can come from 18 U.S.C. § 3553(e) for substantial assistance from a defendant, as we explained in *United States v. Benton*, No. 12-30367 (5th Cir. Apr. 22, 2013) (unpublished). The Government at the time of initial sentencing in 2011 moved to reduce Collins's sentence below the statutory minimum because of his assistance, but the court sentenced him to 71 months.  The sentence was later reduced to 57 months, apparently pursuant to Amendments 706 and 711 that lowered the sentencing range for crack cocaine offenses.  The Government argues that reduction was 3 months below the authority of the court.  That earlier reduction is not under review, and we do not address it.

Collins presents no statutory authority by which his sentence can now be reduced further below the statutory minimum of 60 months for his offense.

AFFIRMED.