# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTOINE EARL POWELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-219-1

Before   DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Antoine Earl Powell, federal prisoner # 56375-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  By moving to proceed IFP, Powell is challenging the district court's certification decision that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50746

In 2006, Powell was convicted of aiding and abetting the possession with intent to distribute at least 50 grams of crack cocaine (count one) and aiding and abetting the possession of a firearm during the commission of a drug-trafficking crime (count two).  He was sentenced to 151 months on count one, to run consecutively to a 60-month sentence on count two.  Powell's sentence was subsequently reduced, pursuant to 18 U.S.C. § 3582(c), to the statutory minimum of 120 months.

Powell contends that the provisions of the Fair Sentencing Act (FSA), which amended the amounts of crack needed to trigger statutory minimum sentences, should retroactively apply to him.  The district court lacked authority to reduce his sentence below the statutory minimum sentence of 10 years.  *See United States v. Carter*, 595 F.3d 575, 578-81 (5th Cir. 2010).  His argument that he is entitled to a reduction in light of the FSA is without merit. *Cf. Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012) ("[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced.").  Powell fails to demonstrate a nonfrivolous issue for appeal.

Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Because Powell has previously raised the same frivolous arguments in other § 3582(c)(2) motions and appeals, he is warned that frivolous, repetitive, or otherwise abusive filings in the future will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction.

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; SANCTION WARNING ISSUED.