# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41431
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICARDO GONZALEZ,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-217-7

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ricardo Gonzalez appeals his statutory-minimum, 120-month sentence for conspiracy to possess, with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(A)(vii). Having pleaded guilty to that offense, he contends his sentence is procedurally unreasonable because the district court incorrectly calculated the advisory Sentencing Guidelines range and failed to make a finding that the amount of marijuana

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

attributable to him sufficed to subject him to the statutory minimum.  To that end, he contends there is insufficient evidence to support such a finding. (Gonzalez additionally asserts he was not provided the presentence investigation report (PSR) at least 35 days before sentencing, and his counsel was ineffective for failing to review the PSR with him and failing to object to the sentence-calculation errors; but, he waived review of those issues by failing to brief them.  *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).)

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

At sentencing, however, and as Gonzalez concedes, he objected neither to the PSR's Guidelines calculation nor to any procedural unreasonableness. Because he did not raise these issues in district court, review is only for plain error.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Gonzalez must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).  There is no reversible plain error.

No. 15-41431

Gonzalez first asserts the court committed significant procedural error by failing to consider the "correct" guidelines range of 70 to 87 months, based on an offense level of 27 and criminal-history category of I, before imposing the statutory minimum of 120 months. He also contends the court erred by imposing that sentence without finding the amount of marijuana attributable to him met the 1,000-kilogram threshold for it. *See United States v. Haines*, 803 F.3d 713, 740 (5th Cir. 2015); § 841(b)(1)(A)(vii). In that regard, he asserts there is insufficient evidence to support finding he was accountable for at least 1,000 kilograms of marijuana.

Gonzalez' contention that the court failed to make a factual finding about the attributable drug quantity is flawed. Any fact that subjects defendant to a mandatory minimum sentence must be "submitted to the jury and found beyond a reasonable doubt" or admitted by the defendant. *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000)) (submitted to jury); *see Blakely v. Washington*, 542 U.S. 296, 303 (2004) (admitted by defendant). To the extent the court predicated its imposition of the mandatory-minimum sentence on the PSR's attributable quantity finding, Gonzalez does not assert any violation of *Alleyne*. He waived any such claim on appeal. *See Reagan*, 596 F.3d at 254–55.

Gonzalez' position fails, regardless of how it is characterized. The statutory minimum becomes the Guidelines sentence when it exceeds the Guidelines range. U.S.S.G. § 5G1.1(b); *see United States v. Carter*, 595 F.3d 575, 576–77 (5th Cir. 2010). Further, Gonzalez did not object to the PSR's determination of the amount attributable to him for purposes of the statutory minimum. Consistent with Gonzalez' guilty plea, the PSR noted that, in a presentencing interview, he "admitted to conspiring with others to possess with intent to distribute more than 1,000 kilograms of marihuana". As stated,

3

No. 15-41431

on these facts, the imposition of the statutory minimum sentence does not constitute reversible plain error. *See Puckett*, 556 U.S. at 135; *cf. United States v. Ramirez*, 557 F.3d 200, 204–05 (5th Cir. 2009); *United States v. Rodriguez*, 602 F.3d 346, 362–63 (5th Cir. 2010).

AFFIRMED.