# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID RAMAYO PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-985-1

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Ramayo Perez, federal prisoner # 61202-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's grant of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He also moves for expedited consideration of his IFP motion.  By moving to proceed IFP, Perez challenges the district court's certification decision that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51122

1997).  Our inquiry is limited to whether Perez has demonstrated good faith by raising any nonfrivolous issue.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In 2010, Perez pleaded guilty to aiding and abetting the distribution of five kilograms or more of a mixture or substance containing a detectable amount of cocaine.  The district court sentenced Perez to 121 months of imprisonment.  Pursuant to § 3582(c)(2), and in light of Amendment 782 of the Sentencing Guidelines, Perez moved for a reduction of sentence.  The district court granted Perez's § 3582(c)(2) motion and reduced his sentence to the statutory minimum sentence of 120 months.

Perez argues that he is entitled to the full benefit of Amendment 782 and that his sentence should have been reduced to 97 months, the bottom of the amended guidelines range.

Section 3582(c)(2) permits a district court to reduce a sentence that was imposed based on a sentencing guidelines range that has subsequently been lowered by the Sentencing Commission.  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  Perez's argument has no merit because the district court lacked authority to reduce his sentence below the 10-year statutory minimum.  *See United States v. Carter*, 595 F.3d 575, 578–81 (5th Cir. 2010); *see also* 21 U.S.C. § 841(b)(1)(A)(ii) (2010).

Perez fails to demonstrate a nonfrivolous issue for appeal.  Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Perez's motion for expedited consideration of his IFP motion is also DENIED.

In the instant motion, Perez raises claims that are identical to the claims he raised in a prior IFP motion.  Perez is WARNED that any frivolous or repetitive filings in this court or any court subject to this court's jurisdiction

No. 16-51122

will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. Perez is further warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.