# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────────

No. 16-51090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2017

Lyle W. Cayce
Clerk

────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FELIPE BARRIENTOS,

Defendant - Appellant

────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2519-1

────────────

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In 2012, Felipe Barrientos pleaded guilty to possessing, with intent to distribute, more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841. He received an enhanced statutory-minimum sentence of 120 months' imprisonment.

Proceeding *pro se*, Barrientos appeals the denial of his motion, under 18 U.S.C. § 3582(c)(2), for a sentence reduction based on Sentencing Guidelines

────────────

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-51090

Amendment 782.    Although acknowledging he received the statutory minimum, Barrientos contends he is eligible for a reduction, because, *inter alia*, the Guidelines are no longer mandatory.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has discretion to modify a sentence "based on a [Guidelines] range that has subsequently been lowered by the Sentencing Commission".  18 U.S.C. § 3582(c).  But, Barrientos' sentence was not "based on" the Guidelines; and the court lacked authority to reduce his sentence below the 10-year minimum sentence required by statute. *United States v. Carter*, 595 F.3d 575, 578-81 (5th Cir. 2010); 21 U.S.C. § 841(b)(1)(B)(vii).  Moreover, 18 U.S.C. § 3582(c)(2) does not permit a full resentencing, but merely permits a sentence reduction under limited circumstances specified by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 825-26 (2010); *United States v. Doublin,* 572 F.3d 235, 238 (5th Cir. 2009).

AFFIRMED.