# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2020

Lyle W. Cayce
Clerk

No. 20-20180
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BOBBY LEE FERREL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-386-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Bobby Lee Ferrel, federal prisoner # 72048-279, pleaded guilty to a single count of conspiracy to commit a drug trafficking offense while in possession of a firearm in violation of 18 U.S.C. § 924(o). The district court granted the Government's motion for a downward departure pursuant to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20180

Section 5K1.1 of the United States Sentencing Guidelines and imposed a sentence of 180 months in prison. Ferrel appeals his fifth attempt at having his sentence reduced under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines. He contends that the term "applicable guideline range" is sufficiently ambiguous that the rule of lenity should be applied to it.

We review the district court's disposition of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). In evaluating a request for a sentence reduction, the district court first must determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Section 1B1.10 authorizes a reduction if a defendant is serving a term of imprisonment and the sentencing range applicable to him is lowered by an amendment to the Guidelines that is listed in § 1B1.10(d). § 1B1.10(a)(1). A reduction is not authorized if an amendment does not reduce a defendant's "applicable guideline range," meaning the range prescribed by U.S.S.G. § 1B1.1(a), before any departures or variances. *See* § 1B1.1(a) (describing method for calculating guidelines range based on offense level and criminal history category); § 1B1.10(a)(2)(B); § 1B1.10 comment. n.1(A).

The record reflects that the application of Amendment 782 would reduce Ferrel's total offense level from 39 to 37 but still subject him to the same advisory guidelines range as his original sentencing: the statutory maximum of 240 months. *See* § 1B1.10(a)(2)(B); § 1B1.10, comment. (n.1(A); *United States v. Carter*, 595 F.3d 575, 580-81 (5th Cir. 2010). The district court thus did not abuse its discretion in denying his § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672. Accordingly, the judgment of the district court is AFFIRMED. Ferrel's motion for appointment of counsel is DENIED.