# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2011

Lyle W. Cayce
Clerk

No. 08-41330
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANK ESPINOSA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:00-CR-13-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frank Espinosa, federal prisoner # 62346-079, appeals from the judgment denying his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence of imprisonment, which was imposed following his guilty plea conviction of one count of conspiring to possess with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine. Espinosa was subject to a minimum mandatory sentence of life imprisonment due to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-41330

two previous felony drug convictions, but the district court downwardly departed to a 216-month sentence on account of Espinosa's substantial assistance.

Espinosa argues that he is eligible for a reduction in his offense level based on the retroactive crack cocaine amendments to the Sentencing Guidelines. He contends that any prohibition on application of the sentencing factors of 18 U.S.C. § 3553(a) is in conflict with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), as well as inconsistent with the Sentencing Commission's statutory obligations. He also asserts that a reduction in his sentence is appropriate considering the § 3553(a) factors.

We review the district court's denial of a reduction under § 3582(c)(2) for an abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). The district court's interpretation of the Guidelines is reviewed de novo, and its findings of fact are reviewed for clear error. *Id.*

Espinosa's guideline sentencing range was not derived from the quantity of crack cocaine for which he was held accountable; rather it was derived from the statutory mandatory minimum applicable to his offense, which was life imprisonment on account of his two previous felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(a)(ii)(II). In view of the foregoing, Espinosa was not eligible for a sentence reduction under § 1.B1.10 and § 3582(c)(2), and the district court did not err in denying relief. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010); *United States v. Carter*, 595 F.3d 575, 578-79 (5th Cir. 2010). This conclusion is not altered by the fact that the district court downwardly departed from the mandatory minimum sentence due to Espinosa's substantial assistance to the Government. *See Carter*, 595 F.3d at 579-81.

To the extent Espinosa contends that he was entitled to reduction in his original sentence under the principles of *Booker*, his argument is without merit. "A § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the judge, nor is it a challenge to the appropriateness of the original sentence."

No. 08-41330

*United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995). *Booker* does not apply in § 3582(c)(2) proceedings. *Dillon*, 130 S. Ct. at 2691-93.

AFFIRMED.