**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2011

Lyle W. Cayce
Clerk

No. 10-30650
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES FREEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-29-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Freeman, federal prisoner # 23560-034, appeals the district court's denial of his 18 U.S.C. § 3582(c) motion to reduce his sentence following amendments to the crack cocaine Guidelines. Freeman's current convictions include one count of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and marijuana and one count of possession with intent to distribute cocaine hydrochloride and marijuana. He asserts, however, that he is entitled to a reduction because his prior crack cocaine conviction was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

used to double the mandatory minimum sentences he faced under 21 U.S.C. § 841(b)(1)(A) and (B). He maintains that, in light of the amendments to the Sentencing Guidelines, his prior conviction should not have been used to enhance the statutory minimum sentences. Freeman also contends that the district court failed to assess adequately the 18 U.S.C. § 3553(a) factors, particularly the need to avoid sentencing disparities, in determining whether he merited a lower sentence.

The district court's denial of Freeman's § 3582(c)(2) motion is reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Because Freeman's instant sentences were not calculated based on a quantity of crack cocaine, the guidelines amendments do not apply to his case. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). Although Freeman's statutory sentencing range was increased based on his prior conviction involving crack cocaine, he received the enhancement based on the existence of the prior felony drug conviction, rather than the type or quantity of drug that had resulted in the prior conviction. Freeman has not shown that the amendments to the Guidelines affect the statutory minimum sentences, and he is not entitled to a reduction because he received the minimum possible sentences. *See United States v. Carter*, 595 F.3d 575, 579-81 (5th Cir. 2010).

Regarding Freeman's contention that the district court should have considered various equitable factors from his original sentencing, § 3582(c)(2) proceedings are not full resentencings. *Dillon v. United States*, 130 S. Ct. 2683, 2690-94 (2010). The principles of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to § 3582(c)(2) proceedings, and a sentencing court lacks discretion to reduce a sentence any further than the reduction allowed under U.S.S.G. § 1B1.10, p.s. *Id.*; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). Because Freeman was ineligible for a reduction under

No. 10-30650

§ 3582(c)(2), the district court was not required to address whether the § 3553(a) factors warranted a reduction. *See Dillon*, 130 S. Ct. at 2691-92.

The judgment of the district court is thus AFFIRMED. Freeman's motion to amend his appellate brief is GRANTED.