IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-40247

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY WAYNE SEWELL, SR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(1:89-CR-44-1)

January 17, 1996

Before HIGGINBOTHAM, DUHE', and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On November 15, 1989, a jury convicted Jerry Wayne Sewell, along with four co-defendants, of three counts involving 1) conspiracy to manufacture phenylacetone (P2P) and to manufacture, to possess with intent to distribute, and to distribute amphetamine and methamphetamine; 2) manufacturing P2P; and, 3) manufacturing a substance containing a detectable amount of methamphetamine. The district court sentenced Sewell to 360 months imprisonment on each count, such terms to run concurrently. This court affirmed

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Sewell's conviction and sentence. <u>United States v. Sherrod</u>, 964 F.2d 1501 (5th Cir. 1992), <u>cert. denied</u>, 113 S.Ct. 1367 (1993).

After his conviction became final, the United States Sentencing Guideline Commission adopted Amendment 484 to U.S.S.G. § 2D1.1, which clarified the proper method for calculating the amount of controlled substance in a mixture. On the basis of Amendment 484, which applies retroactively, Sewell and his four co-defendants sought resentencing pursuant to 18 U.S.C. § 3582(c)(2), alleging that the district court had miscalculated the amount of controlled substances at the original sentencing hearing.

The district court recomputed the amount of controlled substances, which had the effect of lowering Sewell's co-defendant's offense levels by six levels. The district court, however, refused to lower Sewell's base offense level because it found that Sewell was a career offender pursuant to § 4B1.1. Applying § 4B1.1, the district court concluded that Sewell's offense level was 34, which yielded a guideline sentence of 262 to 327 months. Based on the guideline, the district court reduced Sewell's sentence to 294 months.

On appeal, Sewell argues that the district court miscalculated the amount of controlled substances to be used in determining his sentence. Sewell's arguments are unavailing, however. The amount of controlled substances was irrelevant to Sewell's sentence. The district court sentenced Sewell on the basis of the career offender provision of § 4B1.1, the application of which Sewell does not challenge on appeal.

We AFFIRM the district court's sentencing order.