**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2012

Lyle W. Cayce
Clerk

No. 11-41353
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUES ASPRELLA CARDENAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:93-CR-34-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lues Asprella Cardenas, federal prisoner # 04235-078, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. The district court's ruling is reviewed for an abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Cardenas argues that the district court adopted the Government's response, which erroneously construed his § 3582(c)(2) motion as one based on Amendment 750, instead of Amendment 484. He further contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court abused its discretion in denying his motion without reviewing his timely filed objections to the Government's response.  He contends that his case should be remanded for an evidentiary hearing so that he may "have the drugs reweighed for sentencing purpose[s] absent all waste and packaging material in accordance with amendment 484 and the 1993 Guideline Manual 1B1.10 (policy statement)."  The Government has moved for summary affirmance, arguing that Cardenas is not eligible for relief under § 3582(c)(2).

Contrary to Cardenas's assertion, the district court did not adopt the Government's response, but rather denied Cardenas's § 3582(c)(2) motion without reasons.  Further, there is no evidence that the district court failed to consider any objections filed by Cardenas.  Nevertheless, even assuming Cardenas's assertion is true, any error was harmless since Cardenas is not entitled to relief.  Cardenas is not eligible for a sentence reduction because he was sentenced to a statutory mandatory life sentence due to his prior convictions.  *See* U.S.S.G. § 1B1.10, cmt. n.1A; *see also United States v. Carter*, 595 F.3d 575, 581 (5th Cir. 2010).  Further, Cardenas's guidelines range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status.  Thus, he is not entitled to a reduction under § 3582.  *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *United States v. Sewell,* 77 F.3d 480, 1996 WL 46546, at *1 (5th Cir. Jan. 17, 1996).

Moreover, Amendment 484 became effective on November 1, 1993, prior to Cardenas's sentencing.  *See* U.S.S.G., App. C, amend. 484, p. 322 (1993).  As such, Cardenas's argument is not cognizable under § 3582(c)(2) since he could have raised his argument at sentencing or on direct appeal.  *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).  The district court did not abuse its discretion in denying Cardenas's § 3582 motion.  *See Doublin*, 572 F.3d at 237.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The

No. 11-41353

Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.  Cardenas's motion to remand is also DENIED.