# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

Lyle W. Cayce
Clerk

No. 08-51044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICKY E LEVI,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-96-3

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricky E. Levi, federal prisoner # 60807-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine offenses. A jury convicted Levi of conspiracy to possess with intent to distribute and of distributing cocaine, money laundering, and aiding and abetting. He is serving concurrent terms of 300 and 240 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51044

By moving to proceed IFP, Levi challenges the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, this court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (quotation marks and citation omitted).

This court reviews the district court's "decision whether to reduce a sentence under Section 3582(c)(2) for abuse of discretion," while its interpretation of the Guidelines is reviewed *de novo* and its findings of fact are reviewed for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (citations omitted), *cert. denied*, 130 S. Ct. 3462 (2010). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005) (quotation marks and citations omitted).

Levi argues that the district court erred by determining that the crack cocaine amendments were inapplicable in his case. Any error in the district court's application of the amendments to the Guidelines does not warrant reversal. As the district court stated in its alternative reason for denial of Levi's motion, "[e]ven if the Court were to determine that the amendments applied to Defendant, the Court would exercise its discretion to not grant a reduction in this case due to Defendant's violent criminal background." This language confirms that the district court's denial of Levi's Section 3582(c)(2) motion did not result from any possible error in the district court's application of the crack cocaine amendments to the Guidelines. *See, e.g., United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir. 2008) (holding, in direct criminal appeal, that

2

procedural error did not require vacating sentence where the sentence imposed did not result from the Guidelines error).

Also, while Levi contends that the district court's analysis of the 18 U.S.C. § 3553(a) factors bears little relevance to the facts of his case, the record reflects that the district court gave due consideration to Levi's motion as a whole and explicitly considered the Section 3553(a) factors in its determination that the circumstances did not warrant a sentence reduction. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010); *Evans*, 587 F.3d at 673.  Levi's remaining arguments, that he was entitled to a full resentencing and that the principles set forth in *United States v. Booker*, 543 U.S. 220 (2005), apply in the context of Section 3582(c)(2) motions, lack merit in light of *Dillon*, 130 S. Ct. at 2692-94, and *Evans*, 587 F.3d at 671-72.

Levi has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard,* 707 F.2d at 220.  Accordingly, his IFP motion is DENIED.  Because the appeal is frivolous, it is DISMISSED.  *See* 5th Cir. R. 42.2.