# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 25, 2013

Lyle W. Cayce
Clerk

No. 12-30141
Summary Calendar

UNITED STATES OF AMERICA,

                         Plaintiff-Appellee

v.

ELLIS MOSES BARBER,

                         Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20093-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ellis Moses Barber, federal prisoner # 12098-035, appeals following the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine offenses. Barber pleaded guilty to conspiracy to possess with the intent to distribute cocaine base and possession of a firearm by a convicted felon. The district court sentenced Barber to a statutorily mandated life sentence on the drug charge; however, the court later reduced the sentence to 168 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment after the Government filed a motion under FEDERAL RULE OF CRIMINAL PROCEDURE 35.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). In determining whether to reduce a sentence under § 3582(c)(2), the district court first determines whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). If the court determines that a defendant is eligible for a sentence modification, it must then consider the applicable 18 U.S.C. § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692. The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Section 1B1.10 of the Sentencing Guidelines limits the circumstances under which a defendant is entitled to a § 3582(c)(2) sentence reduction based on retroactive guidelines amendments. Only an individual currently serving a sentence determined by a guidelines sentencing range lowered by particular listed amendments is potentially eligible. *See* U.S.S.G. § 1B1.10(a), p.s. Even then, a reduction is not authorized if the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision. § 1B1.10, p.s., comment. (n.1(A)).

In *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009), this court held that the guidelines amendments lowering the offense levels for crack cocaine offenses did not apply to prisoners sentenced as career offenders. This court reasoned that a career offender's sentence "did not derive from the amount of crack cocaine involved in his offense," and that a career offender "was not

2

sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." *Id.* at 791 (internal quotation marks and citation omitted). In *United States v. Carter*, 595 F.3d 575, at 577-81 (5th Cir. 2010), this court held that a defendant subject to a statutory minimum term of imprisonment was ineligible for a sentence reduction under § 3582(c)(2), even where the district court departed below the statutory minimum pursuant to a downward departure. This court affirmed the district court's denial of the § 3582(c)(2) motion, holding that when a defendant is "subject to a statutory minimum sentence above the upper end of his guidelines range, even if the district court departs downwardly from that minimum under a statutory exception, 18 U.S.C. § 3582(c)(2) provides no authority to the district court to later modify the sentence based on amendments to the guideline range." *Id.* at 581.

Barber argues that in light of the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011), this court should not follow the precedent established in *Anderson* and *Carter*. We reject this contention because Barber has not shown that *Freeman* either explicitly or implicitly overrules this court's prior decisions. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999) (noting that the panel was "bound by the precedent of previous panels absent an intervening Supreme Court case explicitly or implicitly overruling that prior precedent[.]"). The Court in *Freeman* did not address, even tangentially, either of the factual scenarios presented in *Carter* or *Anderson*, or in the instant case. Barber's contention that *Freeman* undermines this court's prior precedent in *Carter* and *Anderson* lacks merit in either law or logic.

Moreover, we note that the district court gave an additional reason for denying Barber's § 3582(c)(2) motion, the substantial reduction Barber already received following the Government's Rule 35 motion. Accordingly, the denial of Barber's motion does not warrant reversal. *See, e.g., United States v. Levi*, 401 F. App'x 982, 983 (5th Cir. 2010) (noting that any error in the district court's

determination that the crack cocaine amendment were inapplicable did not warrant reversal where the court also indicated it would exercise its discretion not to grant a reduction).

AFFIRMED.