# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2013

Lyle W. Cayce
Clerk

No. 12-30815
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VINCENT THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-101-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Vincent Thomas, federal prisoner # 30134-034, pleaded guilty to distributing five grams or more of crack cocaine and distributing 50 grams or more of crack cocaine. He was sentenced to a mandatory minimum term of 20 years of imprisonment. Thomas now seeks leave to proceed in forma pauperis (IFP) on appeal to challenge the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c). By so moving, Thomas challenges the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

To the extent that Thomas contends that the provisions of the Fair Sentencing Act (FSA), which amended the amounts of crack needed to trigger statutory minimum sentences, should apply to him, the district court lacked authority to reduce his sentence below the statutory minimum sentence of 20 years.  *See United States v. Carter*, 595 F.3d 575, 578-81 (5th Cir. 2010).  Accordingly, Thomas's argument that he is entitled to a reduction in light of the FSA is without merit.  *Cf. Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012) ("[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced.").

Thomas's argument that the district court erred by not considering the mitigating factors under 18 U.S.C. § 3553(a) when determining whether to reduce his sentence under § 3582(c)(2) is likewise unavailing.  *See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).  To the extent that Thomas seeks to challenge his original sentence on the basis that the district court failed to consider the § 3553(a) factors, arguments challenging an original sentence are not cognizable under § 3582(c)(2).  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

Because Thomas has failed to demonstrate a nonfrivolous issue for appeal, his motion for leave to proceed IFP is denied.  *See Baugh*, 117 F.3d at 202 & n.24.  The appeal is dismissed as frivolous.  *See* 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.