# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50568
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTOINE EARL POWELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-219-1

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Antoine Earl Powell, federal prisoner # 56375-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). By moving to proceed IFP, Powell challenges the district court's certification decision that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is limited to whether Powell has demonstrated good faith

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by raising any non-frivolous issue, meaning one arguable on its merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In 2006, Powell was convicted of aiding and abetting possession with intent to distribute at least 50 grams of crack cocaine (count one) and aiding and abetting possession of a firearm during the commission of a drug-trafficking crime (count two). He was sentenced to 151 months on count one, to run consecutively to a 60-month sentence on count two. Powell's sentence was subsequently reduced, pursuant to § 3582(c)(2), to the statutory minimum sentence of 120 months.

Powell argues that he is entitled to a reduction of his sentence because the Government breached the plea agreement, the district court committed procedural errors at sentencing, and Amendment 782 to the United States Sentencing Guidelines—which reduced the offense levels for various drug offenses—applies retroactively to his case. He further asserts that his sentence was substantively unreasonable and based on facts that he did not admit and that the government did not prove.

Section 3582(c)(2) permits a district court to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Powell's Amendment 782 argument has no merit because the district court lacked authority to reduce his sentence below the ten-year statutory minimum. *See United States v. Carter*, 595 F.3d 575, 578–81 (5th Cir. 2010); *United States v. Mosley*, 403 F. App'x 934, 935 (5th Cir. 2010); *see also* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). Powell's remaining proffered issues are not arguable on their merits because a § 3582(c)(2) motion may not be used to challenge "the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

No. 15-50568

Powell fails to demonstrate a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motion for immediate release is DENIED.