# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30912
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL ANTHONY NOEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CR-60025-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Anthony Noel, federal prisoner # 09495-035, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on a recent amendment of the Sentencing Guidelines for drug offenses. We affirm.

Noel pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base and possession of a firearm in furtherance of a drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30912

trafficking offense. The district court sentenced Noel to a statutorily mandated life sentence on the drug charge which the court later reduced to 180 months of imprisonment after the government filed a motion under Federal Rule of Criminal Procedure 35.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). In deciding whether to reduce a sentence under § 3582(c)(2), the district court must first determine whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If it concludes that the defendant is eligible, the court must then consider the applicable 18 U.S.C. § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827. We review de novo whether the district court had authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Section 1B1.10 of the Sentencing Guidelines limits the circumstances under which a defendant is entitled to a § 3582(c)(2) sentence reduction based on a retroactive amendment to the Guidelines. Only an individual currently serving a sentence determined by a guidelines sentencing range subsequently lowered by particular listed amendments is potentially eligible. *See* U.S.S.G. § 1B1.10(a), p.s. Even then, a reduction is not authorized if the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision. § 1B1.10, p.s., comment. (n.1(A)).

No. 15-30912

In *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009), we held that the guidelines amendments lowering the offense levels for crack cocaine offenses did not apply to prisoners sentenced as career offenders.  We reasoned that a career offender's sentence "did not derive from the amount of crack cocaine involved in his offense," and that a career offender "was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission."  *Anderson*, 591 F.3d at 791 (internal quotation marks and citation omitted).  In *United States v. Carter*, 595 F.3d 575, 577-81 (5th Cir. 2010), we held that a defendant subject to a statutory minimum term of imprisonment was ineligible for a sentence reduction under § 3582(c)(2), even if the district court had departed below the statutory minimum.  We affirmed the district court's denial of the § 3582(c)(2) motion, holding that when a defendant is "subject to a statutory minimum sentence above the upper end of his guidelines range, even if the district court departs downwardly from that minimum under a statutory exception, 18 U.S.C. § 3582(c)(2) provides no authority to the district court to later modify the sentence based on amendments to the guideline range."  *Id.* at 581.

Noel argues that in light of the Supreme Court's decision in *Freeman v. United States*, 564 U.S. 522, 530 (2011), we should not follow these precedents. We reject this contention because Noel has not shown that *Freeman* either explicitly or implicitly overrules our  prior decisions.  *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999) (noting that the panel was "bound by the precedent of previous panels absent an intervening Supreme Court case explicitly or implicitly overruling that prior precedent[.]").   The Court in *Freeman* did not address, even tangentially, the factual situations presented in *Carter* or *Anderson* or in the instant case.  Noel's contention that *Freeman*

3

No. 15-30912

undermines our prior precedent in *Carter* and *Anderson* lacks merit in either law or logic.

Noel has not established that the district court erred in concluding that he was ineligible for relief under § 3582(c)(2). *See Dillon*, 560 U.S. at 826; *Jones*, 596 F.3d at 276. Consequently, the judgment of the district court is AFFIRMED.