# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-51185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2017

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER ESTRADA, also known as Paco,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:01-CR-1737-1

————————————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Francisco Javier Estrada, federal prisoner # 76696-080, was convicted of conspiring to import 1,000 kilograms or more of marijuana and was sentenced to a 235-month term of imprisonment, to be followed by a 10-year term of supervised release. Estrada now appeals the district court's order denying a reduction in sentence under 18 U.S.C. § 3582(c)(2). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Estrada asserts that he was eligible for a sentence reduction pursuant to Amendment 782, which is retroactively applicable. The Government contends that the district court had no authority to reduce Estrada's sentence under § 3582(c)(2) given that he faced a statutory mandatory minimum sentence of 240 months of imprisonment. In his reply brief, Estrada argues that his 235-month term of imprisonment shows that he was not subject to such a statutory minimum sentence.

In considering a § 3582(c)(2) motion, the district court first determines whether the defendant is eligible for a sentence modification and the extent of the reduction authorized. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If the defendant is eligible for a sentence modification, the district court must then consider any applicable factors under § 3553 to determine whether a modification is warranted. *United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011).

A reduction under § 3582(c)(2) is not authorized if a retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), p.s. Consistent with § 1B1.10 and its commentary, we have determined that a district court may not grant a reduction below a mandatory minimum, even if the original sentence was a departure below the statutory minimum. *United States v. Carter*, 595 F.3d 575, 578-81 (5th Cir. 2010).

Here the records of the district court reflect that the Government filed an information to enhance Estrada's punishment on account of his prior felony drug conviction and that the requirements of 21 U.S.C. § 851(a) were met. Estrada was therefore subject to a mandatory minimum sentence of 20 years

No. 15-51185

of imprisonment and a mandatory minimum term of supervised release of 10 years.  *See* 21 U.S.C. § 960(b)(1).  Contrary to Estrada's assertion, the district court's imposition of a sentence of 235 months of imprisonment does not establish that he is not subject to a 240-month statutory mandatory minimum; likewise, our decision on Estrada's direct appeal, affirming the district court's judgment, does not demonstrate that Estrada was not subject to a 240-month statutory minimum, as we had no authority, absent a cross appeal by the Government, to increase Estrada's sentence to the statutory minimum.  *See Greenlaw v. United States*, 554 U.S. 237, 244-45 (2008).  Given his ineligibility for relief under § 3582(c)(2), Estrada's assertion that the district court abused its discretion by failing to consider his arguments in favor of a sentencing reduction and by failing to consider the sentencing factors of 18 U.S.C. § 3553(a) is unavailing, and his request for sanctions against the Government for asserting that he faced a statutory mandatory minimum sentence of 240 months of imprisonment is baseless.

Estrada contends that the district court was biased against him, as shown by the district court's adverse decisions and the statement at sentencing that Estrada had associated with "scum."  Because Estrada has not pointed to anything in the record that indicates a sufficiently high degree of antagonism that would make fair judgment impossible, he fails to establish that the district judge abused his discretion by failing to recuse himself.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996).

In view of the foregoing, we affirm the judgment of the district court. Estrada's motion for the appointment of counsel on appeal is denied.  *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995).

AFFIRMED; MOTION DENIED.